UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OREGON REAL ESTATE FORMS, LLC,<br><br>Plaintiff,<br><br>*~ against ~*<br><br>BRIAN TORMEY,<br><br>Defendant. | Civil Action No.: 26-CV-5422-NSR<br><br>**ANSWER** |

Defendant Brian Tormey ("Defendant"), by and through his attorneys, Davidoff Hutcher & Citron, LLP, as and for his Answer to the June 26, 2026 complaint ("Complaint") of plaintiff Oregon Real Estate Forms, LLC ("Plaintiff"), alleges, and states as follows:

**<u>THE PARTIES</u>**

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

2. Admits the allegation in paragraph 2 of the Complaint.

**<u>JURISDICTION AND VENUE</u>**

3. Paragraph 3 of the Complaint recites purported conclusions of law, as to which no response is required.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Paragraph 5 of the Complaint recites purported conclusions of law, as to which no response is required.

## FACTS

### I. The Forms at Issue in this Lawsuit

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

### II. Defendant's Unlawful Activities

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies the allegations contained in paragraph 16 of the Complaint.

17. Denies the allegations contained in paragraph 17 of the Complaint.

18. Denies the allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint.

22. Denies the allegations contained in paragraph 22 of the Complaint.

23. Denies the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Denies the allegations contained in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

**COUNT I: COPYRIGHT INFRINGEMENT**

29. In response to paragraph 29 of the Complaint, Defendant repeats, reiterates and realleges each and every admission, denial and/or other response to paragraphs 1 through 28 inclusive, with the same force and effect if fully set forth at length herein.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint recites purported conclusions of law, as to which no response is required.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Denies the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

## COUNT II: REMOVAL AND ALTERATION OF INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION PURSUANT TO 17 U.S.C. §1202

40. Denies the allegations contained in paragraph 40 of the Complaint.

41. Denies the allegations contained in paragraph 41 of the Complaint.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, Defendant denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

Plaintiff, through the Complaint, fails to state a claim upon which relief can be granted.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are a result of its own conduct or the conduct of its agents, representatives, and/or consultants.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no actual damages.

**AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce any damages sustained by Plaintiff.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

Defendant has not infringed because any protectable expression in Oregon Real Estate Forms, LLC ("OREF") forms is not entitled to any protection, and Plaintiff cannot show the appropriation of protectable expression required for infringement.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the fair use doctrine of the claimed copyrighted material.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's registrations are invalid and/or unenforceable. Upon information and belief, the applications included inaccurate information that Plaintiff knew was inaccurate and that, if known, would have caused the Register of Copyright to refuse registration.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Pursuant to Section 412(1) of the Copyright Act, Plaintiff is barred from recovering statutory damages and attorneys' fees under 17 U.S.C. §§504 and 505.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

In the event Plaintiff demonstrated that Defendant be found liable and OREF elects statutory damages, any award should be reduced to due innocent infringement and Plaintiff is barred from asserting, proving or collecting actual or statutory damages and attorney's fees and costs from Defendant.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

The Complaint is barred in whole or in part on the grounds that OREF misused its copyright including without limitation violation of public policy. The effect of finding copyright misuse is to preclude enforcement of the copyright or copyrights at issue during the period of alleged misuse, and the defense is available even if the defendant has not itself been injured by the misuse.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by one or more of the doctrines of estoppel, waiver, and/or abandonment.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to relief due to the doctrine of unclean hands.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the statute of limitations.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

Any use Plaintiff claims was unlicensed would be non-actionable as de minimus.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff does not own or hold exclusive rights under 17 U.S.C. §106 or any copyright law over each work that was allegedly infringed by Defendant, including without limitation because some or all of the materials over which Plaintiff claims copyright are in the public domain.

**RESERVATION OF RIGHTS**

Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or

apparent during discovery in this matter. Defendant reserves the right to amend this Answer and/or its affirmative defenses.

**JURY DEMAND**

With respect to the jury demand contained in Plaintiff's Complaint, Defendant states that no response is required. To the extent a response is deemed required, Defendant denies that all of Plaintiff's claims are properly triable to a jury.

**REQUEST FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court:

1. Enter judgment in Defendant's favor and against Plaintiff;
2. Dismiss all claims by Plaintiff with prejudice;
3. Awarding reasonable attorneys' fees and all other recoverable expenses to Defendant, and;
4. Granting such other and further relief as may be just and proper.

Dated: September 24, 2026
New York, New York

DAVIDOFF HUTCHER & CITRON LLP

By:___*/s/ Joseph N. Polito*_____________
Larry Hutcher
Joseph N. Polito
605 Third Avenue, 34th Floor
New York, New York 10158
Tel: 212-557-7200
Fax: 212-286-1884
lkh@dhclegal.com
jnp@dhclegal.com
*Attorneys for Defendant Brian Tormey*